Martin, J.
The defendants are appellants, from a judgment by which they are condemned to heavy damages, in consequence of an alleged violation of a contract of theirs with the plaintiffs. By their charter, they are authorized to lay out and construct a toll road on each side of the bayou St. John. 3 Martin’s Digest, 192. They did not avail themselves of this right, during the fourteen years which followed their incorporation. They then contracted with Allard for the construction of a road on the north side of the bayou, engaging to collect for him and at his expense, the tolls for all passages through thesame, during twenty-two years, at the expiration of which the road was to become their property *470 absolutely, and without reimbursing to Allard any of the expenses attending its construction, or the repairs of it. They furthermore reserved theright of resuming the road, in case Allard did not punctually comply with the different conditions in the contract. Allard found it difficult to perform his obligations, and sought relief by ceding his contract to a company, reserving to himself some shares in the stock, and the defendants assisted him by taking an interest therein. Notwithstanding this, the defendants imagining that the public did not reap all the advantages, which had been contemplated by them, and the territorial Legislature, availed themselves of the authority which they had, to construct a road on the south side of the bayou. The plaintiffs have considered the construction of this road as a violation of the defendants’ contract with them, and instituted the present suit to obtain damages therefor.
Their counsel have not pretended that the contract had transferred to them any right to a road on the south side ; but they have contended, that there results, from the terms of the contract, a strong implication of the intention of the parties that the advantages which the plaintiffs were to receive from the road on the north side, should not be diminished or impaired by the construction of a road on the south side. They, indeed, urged that these advantages have been annihilated.
The First Judge thought that at the time of the contract, the task undertaken by Allard was considered by all as very difficult, and by many as completely impossible of execution, from the nature of the soil on which the road was to be made, through marshes and swamps, although experience has shown the easy practicability of such works; that the defendants were glad to ged rid of the burthen of constructing one road, by leaving it to Allard ; that the new road being made higher than the first, the latter must have been overflowed and destroyed.
We do not see much force in these reasons. The' ground on which Allard’s road was to be built was so near the city, that it must have been quite as well known at the time of the contract as at present, it being the incessant resort of hunters and fishermen, and often visited by other inhabitants of the city and its environs ; and Allard, whose plantation was contiguous thereto, must *471 have been as well acquainted with the nature of the soil over which the road was to pass as that of any part of his estate.
Denis and Preston, for the plaintiffs.
A. Hennen, for the appellants.
The grant of the authority to construct two roads, did not impose on the defendants the obligation of making either.
The overflow of Allard’s road not being urged in the petition, cannot be considered as a proper ground for the judgment appealed from.
The right to the road on the south side, is not pretended by the plaintiffs to have passed to them. We must, therefore, conclude that it remained with the defendants. Iniquum est joeri-mi de pacto id de quo cogitatum non est. Yet it is clear, that if it results from a correct interpretation of the contract, that this right was in the intention of both parties, to be suspended during the twenty-two years, for which Allard was to keep his road in repair, the plaintiff must be entitled to damages for the exercise of that right before the expiration of the time for which it had been renounced. But the party who seeks to avail himself of this renunciation, must clearly prove it. He must make it certain. It is not enough that he should make it probable. The defendants having sought, and the Legislature having granted a right to two roads, the presumption is strong, that the opinion of the grantees was that both roads would be profitable to them, and that of the Legislature that they were needed by the public. The defendants have shown, that they considered that the expenses of building and keeping in repair a second road, would be more than compensated by the receipt of the tolls which it would produce, notwithstanding the right of the plaintiffs to keep a road on the opposite shore in full activity ; for otherwise, they would have spent their money uselessly.
From these considerations, we conclude that the First Judge erred in considering the alleged renunciation of the defendants to a road on the south side, as made certain, while it does not appear to us to have been made evidently probable.
It is, therefore, ordered, adjudged and decreed that the judgment be annulled and reversed, and that ours be for the defendants, with costs in both courts.